## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

HERBERT D. SEAY,                  )
                                  )
        Petitioner,               )
                                  )
        v.                        )        CAUSE NO.: 2:10-CV-436-TLS
                                  )
SUPERINTENDENT,                   )
                                  )
        Respondent.               )

## OPINION AND ORDER

The Petitioner, Herbert D. Seay, a prisoner proceeding pro se in this matter, filed a

Habeas Corpus Petition [ECF No. 1] challenging his conviction and sixteen-year sentence for

carjacking, escape, conversion, and resisting law enforcement imposed by the Hancock County,

Indiana, Superior Court under cause number 30D01-0805-FB-93. The Petitioner raises five

grounds for relief in his Petition: 1) jurors saw him in shackles and handcuffs; 2) the prosecution

did not prove every element necessary to support the conviction for escape; 3) the prosecution

did not prove every element necessary to support the conviction for carjacking; 4) the trial court

permitted testimony before the jury concerning marijuana that it had previously ruled

inadmissible on a motion to suppress; 5) the trial court denied the Petitioner's proposed

instruction on duress.

The Petitioner was tried before a jury on five charges. At the conclusion of a four-day

trial, a jury convicted the Petitioner on four of the five charges: carjacking, escape, conversion,

and resisting law enforcement. The jury acquitted him on a charge of marijuana possession. The

jury returned its verdict and the trial court entered judgment on January 8, 2009. The trial court

sentenced the Petitioner on February 5, 2009. The Petitioner appealed. The Indiana Court of

Appeals upheld his conviction in an opinion issued on January 29, 2010. *Seay v. State*, 30A04-0904-CR-178, 2010 WL 334839, at *1 (Ind. Ct. App. Jan. 29, 2010).[1] The Petitioner sought transfer to the Indiana Supreme Court, which denied his request on April 7, 2010. The Petitioner then timely filed for federal collateral review of his conviction pursuant to 28 U.S.C. § 2254 on October 29, 2010. The Respondent, Superintendent, Westville Correctional Facility, filed a Return to Order to Show Cause [ECF No. 9] and Memorandum in Support [ECF No. 10] on March 24, 2011. The Petitioner filed a Reply [ECF No. 15] on April 12, 2011. The Petitioner then filed an Amended Reply [ECF No. 17] on June 9, 2011. Finally, on February 14, 2012, the Petitioner filed a Motion for Appointment of Counsel [ECF No. 21] to assist him in the present matter.

## FACTS

For purposes of resolving a § 2254 petition, "[s]tate court findings of fact are presumed correct unless the petitioner rebuts the presumption with 'clear and convincing' evidence." *Cossel v. Miller*, 229 F.3d 649, 651 (7th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)). As the Petitioner put forward no such evidence to rebut this presumption, the Court relies on the following facts as described by the Court of Appeals of Indiana.

> At approximately 4:00 p.m., on May 28, 2008, [the Petitioner] was taking Sabrina Meredith and her two children to a Greenfield restaurant so she could pick up her husband's paycheck. While they were preparing to leave Meredith's house, one of Meredith's neighbors called 911, reported that Meredith was going to leave her children at home alone, and indicated that she had seen Meredith and [the Petitioner] involved in a drug transaction. This neighbor described [the Petitioner]'s car and gave his license plate number to the 911 operator. Based on this information, Deputy Bridget Foy

---

[1] The Respondent put this opinion into the record for this cause. (Direct Appeal Op., EFC No. 9-6.)

of the Hancock County Sheriff's Department initiated a traffic stop when she observed [the Petitioner]'s car approximately a mile and a half from Meredith's home. Deputy Jarrod Bradbury arrived at the scene to assist Deputy Foy. Deputy Bradbury parked his marked police car behind Deputy Foy's car and left the key in the ignition and the engine running.

At the time of the stop, the children were safe, [the Petitioner] was not violating any traffic laws, and [the Petitioner]'s license and registration were valid. Deputy Foy asked for [the Petitioner]'s consent to search his car, and [the Petitioner] refused. Deputy Foy then requested assistance from the canine unit. Approximately twenty minutes later, Deputy Aaron Fawver arrived at the scene, and his canine, Flash, alerted to possible drugs in the car. [the Petitioner]'s car was searched, and a duffle bag containing marijuana was discovered under the passenger seat. [The Petitioner] was arrested, handcuffed, and placed in the front passenger seat of Deputy Bradbury's car with the seatbelt buckled.

Somehow, [the Petitioner] removed one hand from the handcuffs, moved to the driver's seat, and sped away from the scene in Deputy Bradbury's police car. [The Petitioner] led police on an eleven-mile chase through Greenfield, during which [the Petitioner] reached speeds of 130 miles per hour. At the conclusion of the chase, [the Petitioner] tried to avoid stop sticks, lost control of the police car, and drove into a field, where he was apprehended. The stop and chase were captured by cameras located in the various police cars, including the camera in Deputy Bradbury's car .

On May 30, 2008, the State charged [the Petitioner] with Class B felony carjacking, Class B felony escape, Class C felony conversion, Class D felony resisting law enforcement, and Class D felony possession of marijuana, which was later amended to Class A misdemeanor possession of marijuana. [The Petitioner] moved to suppress the marijuana, and his motion was granted. A jury found [the Petitioner] guilty of the carjacking, escape, conversion, and resisting charges and not guilty of the possession of marijuana charge. The trial court entered judgments of conviction accordingly.

*Seay*, 2010 WL 334839, at *1.


## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) allows a district

court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court

judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.* "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quotation marks omitted).

## A.    Physical Restraints

The Petitioner argues that he was denied his right to a fair trial because he appeared before the prospective jury pool in physical restraints.

> "If a court erroneously shackles a defendant, the jury receives a powerful image contradicting the presumption of innocence. As a result, 'The [s]tate must prove beyond a reasonable doubt that the shackling error complained of did not contribute to the verdict obtained.' However, *on collateral review of a state court conviction, federal courts apply a more lenient standard, only granting a writ when an error had a 'substantial and injurious effect or influence in determining the jury's verdict*[.]'" *Hatten v. Quarterman*, [570 F.3d 595, 603–4 (5th Cir.2009)] (emphasis added, citations omitted). (We take "substantial and injurious" to mean the same as prejudicial.)

*Stephenson v. Wilson*, 619 F.3d 664, 671 (7th Cir. 2010). As the Court now undertakes a collateral review of a state petition, in order to prevail, the Petitioner must show that he was prejudiced.

There is no dispute that the Petitioner was wearing restraints in the courtroom at the same time that prospective jurors were in the courtroom. But the Court of Appeals of Indiana did not find that any jurors actually saw him in restraints. Further, it reasoned that "[e]ven if we assume that the jurors saw [the Petitioner] in handcuffs during the introductory phase of the trial, there is no evidence that the presence of Seay in handcuffs unnecessarily marked him as dangerous or suggested that his guilt was a foregone conclusion." *Seay*, 2010 WL 334839, at *2. Moreover, the Petitioner has not pointed to any evidence in the record showing that even one juror actually saw him in restraints. Instead, he argues that, "[t]he fact that it is not on the record if the jury pool did see him in restraints should not be an issue." (Pet.'s Am. Reply 3, ECF No. 17.) But whether any juror saw the restraints is a critical issue. If there is no evidence in the record that a juror saw him in restraints, then he cannot show prejudice. *See Wrinkles v. Buss*, 537 F.3d 804, 823 (7th Cir.

5

2008) ("Without evidence that the jurors saw the stun belt, or that he was otherwise affected by the stun belt throughout trial, Wrinkles cannot demonstrate prejudice."). Finally, the Petitioner argues that, "this Honorable Court should at least give [the Petitioner] the opportunity to show that the jury pool did in fact witness [the Petitioner] in restraints." (Pet.'s Am. Reply 3.) The Court will not permit the Petitioner to do so because § 2254(e)(2) prohibits introducing additional evidence into the record in this case as his claim is not premised on newly discovered facts or a new rule of constitutional law.[2] Thus, this ground presents no basis for habeas corpus relief.

### B.      Sufficient Evidence of Lawful Detention to Support the Escape Conviction

The Petitioner argues that there was insufficient evidence to find him guilty of escape because he was not lawfully detained.[3] The trial court found that the police officer who stopped the Petitioner did not have reasonable suspicion to detain him and suppressed the marijuana

---

[2] 28 U.S.C. § 2254(e)(2) provides:
(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
    (A) the claim relies on–
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[3] The Respondent argues that this claim is barred by procedural default because the Petitioner did not present this claim to the State court. Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

6

found in the vehicle on that basis. *Seay*, 2010 WL 334839, at *1. The Petitioner argues that because the search was illegal, he was not in lawful detention when the police officer arrested him for possession of marijuana. "[A] habeas petitioner is not entitled to relief on a sufficiency-of-the-evidence challenge if, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Warfield v. Grams*, 341 Fed. Appx. 227, 230 (7th Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis omitted).

Pursuant to Indiana Code 35-41-1-18(a): "'Lawful detention' means: (1) arrest . . . or (10) any other detention for law enforcement purposes." In *Leshore v. State*, 755 N.E. 2d 164, 167 (Ind. 2001), the Indiana Supreme Court explained that "a citizen may not escape from a police officer's detention even if the grounds upon which the detention is based are later determined to be defective." Regardless of any later court determination as to the lawfulness of his arrest, sufficient evidence supported the determination that the Petitioner was in lawful detention because he was under arrest and in detention for law enforcement purposes when he was handcuffed in the police car. Thus, this ground presents no basis for habeas corpus relief.

### C.   Admission of Testimony about Marijuana

The Petitioner argues that it was error for the trial court to have permitted witnesses to testify about the marijuana found in his car. The Petitioner notes that the court held a suppression hearing and granted his motion to suppress because the marijuana had been illegally seized in violation of the Fourth Amendment. Consequently, he argues that witnesses should not have been permitted to talk about the marijuana. The Indiana Court of Appeals found that "[e]ven assuming

7

the admission of this evidence was erroneous, any error was harmless" because the jury found the Petitioner not guilty of the marijuana offense and "overwhelming evidence" supported his conviction on the other charges. *Seay*, 2010 WL 334839, at *4.

"On habeas review, a constitutional error is considered harmless unless it can be shown to have 'had substantial and injurious effect or influence in determining the jury's verdict.'"*Jones v. Basinger*, 635 F.3d 1030, 1052 (7th Cir. 2011) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)) (internal quotation marks altered). The Respondent argues that the Petitioner has not put forward an error of constitutional magnitude. The Court need not reach the question of whether the Petitioner established such an error because he is unable to show that any error concerning the marijuana evidence had a "substantial and injurious effect" on the jury. As the Indiana Court of Appeals noted, the jury acquitted the Defendant of the marijuana possession charge and significant evidence, including video tape recordings of the car chase, supported his other convictions. Whether or not the Petitioner successfully presented an error that reaches a federal constitutional issue he cannot receive habeas relief on this basis because he has not shown how this evidence substantially prejudiced the jury.

**D.     Sufficient Evidence of Fear to Support the Carjacking Conviction**

The Petitioner argues that there was insufficient evidence to find him guilty of carjacking because he did not use force, the threat of force, or fear to take the police car. He argues that he merely slid over into the driver's seat of the police car and began to drive away. Though he acknowledges that the police officer testified that he was in fear when he saw the car driving

8

toward him, the Petitioner argues that "by the time the alleged fear happened, the car had already been taken." (Pet.'s Am. Reply 7.). The Petitioner's argument focuses narrowly on the moment when he took control of the car. The statute, however, provides that carjacking entails "tak[ing] a motor vehicle from another person *or from the presence of another person* (1) by using or threatening the use of force on any person; or (2) by putting any person in fear." Ind. Code § 35-42-5-2 (emphasis added). Evidence supported a jury finding that the Petitioner took the car from the presence of the police officer by threatening him or placing him in fear by driving the car toward him. *Seay*, 2010 WL 334839, at *4 ("[The Petitioner] drove toward Deputy Bradbury as he accelerated, forcing Deputy Bradbury to jump out of the path of the car. . . . Deputy Bradbury testified that . . . [the Petitioner] could have run over him with the car and killed him. From this evidence, the jury could have inferred that [the Petitioner] took the vehicle from Deputy Bradbury's presence by placing him in fear.") Thus, this ground presents no basis for habeas corpus relief.

### E.       Jury Instruction on Duress

The Petitioner argues that the trial court should not have rejected his tendered jury instruction on duress which read in part, "Duress exists when the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury to himself or another person." *Seay*, 2010 WL 334839, at *5. The Court of Appeals of Indiana found that, "[e]ven if his detention and arrest were illegal, there is no evidence that he faced imminent serious bodily injury while he was alone in the police car. Further, there is no indication that a reasonable person, even one who is illegally arrested, would be incapable of resisting the

pressure of removing a handcuff, stealing a police car, and leading police on a high-speed chase." *Id.*

Habeas corpus relief can only be granted if the Petitioner can demonstrate that the State court ruling was an unreasonable application of clearly established federal law or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Petitioner has not identified any (and the Court is aware of no) clearly established federal law that required the jury receive this tendered instruction. "Because [United States Supreme Court] cases give no clear answer to the question presented, let alone one in [the Petitioner]'s favor, it cannot be said that the state court unreasonably applied clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quotation marks, brackets, and citation omitted). Moreover, the state court did not unreasonably apply the law to the facts. The trial court's determination that the Defendant could not reasonably have believed his life to be in danger was reasonable. Thus, this ground presents no basis for habeas corpus relief.

### Certificate of Appealability

Pursuant to the Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner must make a substantial showing of the denial of a constitutional right by establishing that reasonable jurists could debate whether an issue should have been resolved in a different manner or that an issue was adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court dismisses an issue for a procedural reason, the petitioner must show that reasonable jurists would

find it debatable whether the court was correct in its procedural ruling and whether the issue states a valid claim for denial of a constitutional right. *Id.* Because the Court finds that reasonable jurists would not debate whether any of the issues above should be resolved differently, the Court will deny a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Habeas Corpus Petition [ECF No. 1] and DENIES a certificate of appealability on this Order. As the Court has ruled on the merits of the Petition, it further DENIES AS MOOT the Petitioner's Request for Counsel [ECF No. 21] because it was made after the briefing was completed on this matter.

SO ORDERED on May 31, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION